# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| JAMES TOWNSEND | CIVIL ACTION NO. 18-937-P |
| VERSUS | JUDGE DOUGHTY |
| WARDEN COOPER, ET AL. | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff James Townsend, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on July 16, 2018. He is incarcerated at the David Wade Correctional Center in Homer, Louisiana, and claims his civil rights were violated by prison officials at Hunt Correctional Center in St. Gabriel, Louisiana.[1] Plaintiff names Warden Tanner, Unknown Female Hunt Correctional Officer 1, Unknown Female Hunt Correctional Officer 2, Unknown Hunt Ranking Supervisor Officer 1, and Unknown Hunt Ranking Supervisor Officer 2 as defendants.[2]

---

[1] Plaintiff also alleges claims that occurred at David Wade Correctional Center in Homer, Louisiana, against defendants Warden Goodwin, Mrs. Hearn, and Nurse Supervisor Norris. These claims and Defendants have been addressed in a separate Memorandum Order.

[2] Plaintiff named Col. Evans and Correctional Officer Baily as defendants in his original complaint. He dismissed them as defendants in his amended complaint [Doc. 12, p. 1]. Plaintiff

Plaintiff claims that on July 3, 2017 at Hunt Correctional Center, he was classified and sent to his cell house.  He claims another inmate was in his cell.  He claims the Correctional Officer tried to resolve the issue with supervisors.  He claims he was finally put in cell #14 which was not his original assigned cell.

Plaintiff claims on July 14, 2017, he was returned to his cell after pill call.  He claims a female correctional officer closed the automatic cell door on him.  Plaintiff claims his right arm was caught between the door and his wheelchair for approximately three to five minutes.  He claims he suffered serious pain.  He claims the officer finally opened the door after someone got her attention.

Plaintiff claims the officer attempted to put him in his cell as he told her that he thought his arm may be broken.  He claims that instead of transporting him directly to the infirmary, the officer told him to file a medical emergency claim.  He claims he then filed a medical emergency claim and was taken to the infirmary.

Plaintiff claims he was checked at the infirmary by the EMT and nurses and given medication for pain.  He claims his arm was not x-rayed because the x-ray machine was broken.  Plaintiff claims that after the x-ray machine was repaired, he was not taken to the infirmary for an x-ray of his arm.

Plaintiff claims that the incident would not have occurred if the officer had been properly trained.  He further claims that he was not in a handicap accessible cell when the incident occurred.

---

named Warden Cooper as a defendant in his original complaint.  He filed an amended complaint in which he replaced Warden Cooper with Warden Robert Tanner [Doc. 21, p. 1].

Accordingly, Plaintiff seeks compensatory, punitive and nominal damages, injunctive relief, and the installation of cameras for Defendants' malfeasance in office, negligence, abuse of authority, deliberate indifference, medical malpractice, conspiracy, and cruel and unusual punishment.

## LAW AND ANALYSIS

### Conditions of Confinement

Plaintiff claims he was housed in a non-handicap accessible cell. He claims that a female correctional officer closed the automatic cell door on his arm and his arm was injured. He claims the officer was not aware that his arm was caught between the door and his wheelchair until another inmate notified her.

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991). First, the deprivation alleged must be

sufficiently serious. See id., 111 S. Ct. at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)). Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979. In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979. However, mere neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

Furthermore, this court should consider the duration and the totality of the specific circumstances that constituted the conditions of Plaintiff's confinement. Palmer v. Johnson, 193 F.3d 346 (5th Cir. 1999).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Furthermore, the court finds that the facts alleged do not support a finding that the female correctional officer knew of and disregarded an excessive risk to his health or safety. See Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.

Furthermore, Plaintiff's claim that the correctional officer was not properly trained is conclusory. A Section 1983 plaintiff has long been required to plead his case with

"factual detail and particularity," not mere conclusory allegations.  Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986).  The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials.  See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations.  Plaintiff has failed to do so.

Accordingly, these claims should be dismissed for failure to state a claim on which relief may be granted.

**Medical Care**

Plaintiff claims he was denied proper medical treatment for his injured arm.  Specifically, he claims he was not taken immediately to the infirmary but had to first file a medical emergency claim before being taken to the infirmary.  He also claims his arm was not x-rayed.

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).   It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).

Further, the plaintiff must establish that the defendants possessed a culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.  A delay in medical care will violate the Eight Amendment only if the delay is based on deliberate indifference and results in substantial harm.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.  To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid

showing of deliberate indifference to serious medical needs.  Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).  Plaintiff admits that after he filed the medical emergency claim he was transported to the infirmary.  He admits that he was checked at the infirmary by the EMT and nurses and given medication for pain.  Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."  Plaintiff does not allege how the alleged delay in receiving medical treatment on the day of the incident was based on deliberate indifference or caused substantial harm.

Plaintiff disagrees with the treatment Defendants provided him.  He claims he arm should have been x-rayed after the x-ray machine was fixed.  As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort.  See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  Prisoners are not

constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, these medical care claims should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's claims arising at Hunt Correctional Center against defendants Warden Tanner, Unknown Female Hunt Correctional Officer 1, Unknown Female Hunt Correctional Officer 2, Unknown Hunt Ranking Supervisor Officer 1, and Unknown Hunt Ranking Supervisor Officer 2 be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

Plaintiff's claims arising at David Wade Correctional Center against Warden Goodwin, Mrs. Hearn, and Nurse Supervisor Norris remain pending at this time.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 30th day of December, 2019.

Mark L. Hornsby
U.S. Magistrate Judge